IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| REX NORMAN HALL SR., | |
| Plaintiff, | 8:24CV266 |
| vs. | |
| BURLINGTON NORTHERN RAILROAD, | MEMORANDUM AND ORDER |
| Defendant. | |

This matter is before the court on Plaintiff's Motion for Investigation of alleged property damage (Filing No. 33), and Defendant's Objections to Plaintiff's Discovery. (Filing No. 35).

BACKGROUND

The *pro se* plaintiff, Rex Norman Hall, Sr., sued the defendants, the BNSF Railway Company and Cass County, Nebraska, regarding his ownership rights over a tract of property near Plattsmouth, Nebraska. (Filing No. 1). Defendant Cass County's Motion to Dismiss was granted and it was terminated as a party. (Filing No. 19). Defendant BNSF's Motion to Dismiss was denied without prejudice as to subject matter jurisdiction. (Filing No. 19). U.S. Senior District Judge John M. Gerrard ordered a status conference before a Magistrate Judge to discuss jurisdictional discovery. (Id.)

A status conference was held on December 5, 2024 before the undersigned. The Initial Progression Order issued after that call states "Until further order of the court, discovery shall be limited to the issues necessary to resolve jurisdiction, particularly the issue of the amount in controversy." (Filing No. 27). The undersigned set a deadline for filing motions to resolve jurisdiction or other dispositive motions on the issue of subject matter jurisdiction, and directed that further case progression and discovery is deferred until after the resolution of the jurisdictional motion(s). (Id.)

Plaintiff filed certain evidence and disclosures in December (Filing Nos. 28, 29, and 30). Plaintiff filed three documents on January 13, 2025:

1

A. Filing No. 31

Plaintiff filed a document titled "Motion: To Set aside Required Value Fed. R. Civ. P. 26(a)(1)." The motion was denied as this case cannot proceed in federal court unless the value of the disputed property is greater than $75,000. *See* 28 U.S.C. § 1331(a) (Filing No. 37).

B. Filing No. 32

Plaintiff filed a discovery request directed to Defendant requesting documentation pursuant to Fed. R. Civ. P. 26(b)(1) regarding contractor information, sales information and lease information for "all 3 lots in question going back to 1970." (Filing No. 32). Defendant filed an Objection to Filing No. 32 asserting the discovery request is "unintelligible, vague, overbroad, unduly burdensome, and seeks discovery of information which is irrelevant, immaterial, and not reasonably calculated to lead to the discovery of admissible evidence." Defendant also asserts the request violates the December 5, 2024 order limiting discovery to that necessary to resolve jurisdiction and the specific amount in controversy. (Filing No. 35, citing Filing No. 27).

C. Filing No. 33

Plaintiff filed a Motion for "Investigation of the Property Destruction" which he alleges occurred on December 4 and 5 at 15934 River Rd. in Plattsmouth Nebraska. Plaintiff alleges there has been an alteration of the Parcel by officials in Cass County, and there is a question raised by the Cass County Sheriff's Department as to the safety of certain property. Plaintiff requests relief for crimes perpetrated against him and his property investments.

ANALYSIS

Jurisdictional discovery is appropriate when "certain facts necessary to resolving the jurisdictional inquiry are either unknown or disputed." *Hillesheim v. Desert Shops, LLC*, No. 8:18CV02, 2018 WL 3057841, at *2 (D. Neb. June 20, 2018), citing *Viasystems, Inc. v. EBM-Papst St. Georgen GmbH & Co., KG*, 646 F.3d 589, 598 (8th Cir. 2011). The parties were given leave to conduct limited discovery aimed at determining whether this court has subject matter jurisdiction. Specifically, whether the value of the disputed property is greater than $75,000. (Filing No. 27).

Although Plaintiff is proceeding without the assistance of counsel, he nevertheless has a duty to comply with the applicable local and federal rules, and the Court's orders. *Grier v. Realty Works*, No. 4:22CV3164, 2024 WL 3521638, at *2 (D. Neb. July 24, 2024), citing *Ackra Direct Mktg. Corp. v. Fingerhut Corp.*, 86 F.3d 852, 856 (8th Cir. 1996) ("In general, pro se representation does not excuse a party from complying with a court's orders and with the Federal Rules of Civil Procedure."); *Bennett v. Dr Pepper/Seven Up, Inc.*, 295 F.3d 805, 808 (8th Cir. 2002) (a litigant's "pro se status d[oes] not entitle him to disregard the Federal Rules of Civil Procedure[.]"); *Lindstedt v. City of Granby*, 238 F.3d 933, 937 (8th Cir. 2000) ("A pro se litigant is bound by the litigation rules as is a lawyer, particularly here with the fulfilling of simple requirements of discovery.").

As to Filing No. 32 and the Objection at Filing No. 35, the court has not authorized discovery beyond the scope of the value of the property in question. Defendant's objection is sustained and Defendant is not required to respond to the discovery request Plaintiff filed.

As to Filing No. 33, the court previously stated it would not address the merits of the suit until there has been a determination of whether the amount in controversy exceeds $75,000 as required by 28 U.S.C. § 1332. Plaintiff's motion to the court for an investigation regarding alleged property damage is unrelated to the value of the property, and the ownership of the property is currently in dispute. Plaintiff's motion will be denied.

Accordingly,

1) Plaintiff's motion for investigation of property destruction is denied (Filing No. 33).

2) Defendant's objection (Filing No. 35) to Plaintiff's discovery requests (Filing No. 32) is sustained, as the requests are not aimed at the narrow issue of determining whether this court has subject matter jurisdiction.

Dated this 4th day of March, 2025.

BY THE COURT:

s/ Ryan C. Carson
United States Magistrate Judge