IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| REX NORMAN HALL, SR., <br><br> Plaintiff, <br><br> vs. <br><br> BURLINGTON NORTHERN RAILROAD, <br><br> Defendant. | 8:24-CV-266 <br><br> MEMORANDUM AND ORDER |

This matter is before the Court on the *narrow* question of jurisdiction. As described in the Court's earlier memorandum and order, *see* filing 19, the *pro se* plaintiff seeks to quiet title to some land in Cass County, Nebraska. The basis for jurisdiction is diversity. *See* filing 19 at 5. The plaintiff may only proceed with his lawsuit if he can prove, by the preponderance of the evidence, that the value of the land at issue is more than $75,000. *See* filing 19 at 7; 28 U.S.C. § 1332; *Usery v. Anadarko Petro. Corp.*, 606 F.3d 1017, 1019 (8th Cir. 2010). The defendant has moved to dismiss on the basis of jurisdiction. Filing 42. The motion will be granted.

I. STANDARD OF REVIEW

A motion pursuant to Fed. R. Civ. P. 12(b)(1) challenges whether the court has subject matter jurisdiction. Rule 12(b)(1) motions can be decided in three ways: at the pleading stage, like a Rule 12(b)(6) motion; on undisputed facts, like a summary judgment motion; and on disputed facts. *Jessie v. Potter*, 516 F.3d 709, 712 (8th Cir. 2008). The party asserting subject matter jurisdiction bears the burden of proof. *Great Rivers Habitat Alliance v. FEMA*, 615 F.3d 985, 988 (8th Cir. 2010). The Court has "substantial" authority to

determine whether it has jurisdiction. *Osborn v. United States*, 918 F.2d 724, 730 (8th Cir. 1990).

A court deciding a motion under Rule 12(b)(1) must distinguish between a "facial attack" and a "factual attack." *Branson Label, Inc. v. City of Branson, Mo.*, 793 F.3d 910, 914 (8th Cir. 2015). In a factual attack, the existence of subject matter jurisdiction is challenged in fact, irrespective of the pleadings. Matters outside the pleadings, such as testimony and affidavits, may be considered. *Id*. The nonmoving party does not enjoy the benefit of the allegations in its pleadings being accepted as true by the reviewing court. *Id*. In this case, the defendant is making a factual attack. The plaintiff has the burden to prove that this Court has subject matter jurisdiction over his case.

## II. BACKGROUND

In 2012, the plaintiff purchased a tract of land in Plattsmouth, Nebraska, for $43,000. Filing 1 at 7, 10. The land was not developed; the plaintiff alleges the land used to be a junkyard. Filing 39 at 2. The plaintiff intended to develop, clean up, and improve the parcel, and he has made some efforts to do so. *See* filing 39 at 1. He asserts he has invested $110,000, and twelve years of his life, to improve the property. Filing 39 at 3. He asserts that he salvaged a pole barn, using high quality lumber, and constructed a building he estimates is worth $40,000. Filing 39 at 3.

The defendant asserts it owns property "located generally west and adjacent to" the plaintiff's property. *See* filing 44 at 1. In 2022, the plaintiff and the defendant discussed the plaintiff purchasing a portion of the Plattsmouth property to which the defendant had an arguable claim. *See* filing 43 at 5. The defendant offered to sell its interest in property to the plaintiff for $8,000. Filing 1 at 18.

The plaintiff did not complete the purchase with the defendant. *See* filing 43 at 19. Rather, the plaintiff continued to use the land as his own, and eventually he filed this lawsuit to "correct" the Cass County records and eliminate any other claims to the property, including the defendant's.

## III. DISCUSSION

The sole question presented to the Court is whether the land to which the plaintiff seeks to quiet title is objectively worth more than $75,000. *See Usery*, 606 F.3d at 1019. If the answer to that question is no, this Court has no jurisdiction to adjudicate over the alleged wrongful land transfer the plaintiff details in his complaint and subsequent filings. *See id.*; 28 U.S.C. § 1332(a).

"Jurisdiction" is the power to declare the law. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998). The power of federal courts to "declare the law" on certain subject matter is limited by the United States Congress. *E.g., Thigulla v. Jaddou*, 94 F.4th 770, 777 (8th Cir. 2024). Without jurisdiction, a court "cannot proceed at all in any cause." *Steel Co.*, 523 U.S. at 94. Jurisdiction is the "first and fundamental question." *Id.* The requirement that subject matter jurisdiction be established is inflexible and without exception, and can never be waived or set aside. *Id.; see also Wagstaff v. Cartmell, LLP v. Lewis*, 40 F.4th 830, 838 (8th Cir. 2022).

In this case, the disputed property is not the *entire* parcel, but only the portion of land to which the defendant may have a claim. *See id.* The defendant purports the value of the disputed land is $8,000. The defendant's evidence includes an offer to sell the property for $8,000 in 2022. *See* filing 43 at 5. The defendant has also provided an affidavit from its director of corporate real estate, who, based on his experience in valuing and selling similar properties,

3

believes $8,000 is a fair and reasonable market value of the property. Filing 43 at 23.

The plaintiff did not offer an exact number for the value of the disputed property. He purchased the entire property for $43,000 in 2012. Filing 46 at 2. The value of the *disputed* portion of the property would necessarily be less than that. The plaintiff asserts that the value of the land has appreciated because he constructed a building and has cleaned up some of the "junk," but he has not offered any approximation for any (dubious) appreciation resulting from his improvements.

The plaintiff has offered evidence that a "similar" property has a taxable value of over $103,000. Filing 46 at 2; filing 46 at 5. But the "similar" property provided has a house on it, unlike the undeveloped parcel to which the plaintiff seeks to quiet title. *See* filing 46 at 2. The Court is not persuaded that the value of the other property is a reasonable benchmark for the disputed property.

The defendant's offer to sell the land in 2022 was made in response to the plaintiff's attempt to purchase the property "in the marketplace," *see Usery*, 606 F.3d at 1019. Even though this valuation came from the defendant, there is no indication that, at the time of the offer, the defendant had any reason to undervalue the property. The defendant made this offer *years* before the present lawsuit and before any of the wrongs the plaintiff now asserts in his various filings.

The Court is persuaded that the $8,000 figure represented the value of the disputed property in 2022. It is unlikely that the property has increased in value tenfold in the years following the defendant's offer, even accounting for inflation and the plaintiff's purported improvements. The preponderance of the evidence indicates that the value of the property at issue in this case is not worth more than $75,000. This Court lacks jurisdiction over this matter.

Accordingly,

IT IS ORDERED:

1. The defendant's motion to dismiss for lack of subject matter jurisdiction (filing 42) is granted.

2. The plaintiff's complaint is dismissed without prejudice to asserting his claims in a <u>state court</u> of appropriate jurisdiction.

3. A separate judgment will be entered.

Dated this 13th day of May, 2025.

BY THE COURT:

_____
John M. Gerrard
Senior United States District Judge
